UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

CHRISTOPHER HOLMES GORDON,

Defendant.

Case No.  14-cv-00037 MEJ

**ORDER RE: CHARGE UNDER 36 C.F.R. § 1004.23(c)(2)**

This matter is scheduled for a pretrial conference on July 24, 2014.  In reviewing the parties' pretrial submissions, the Court notes that a dispute exists regarding Count Two of the Superseding Information, violation of 36 C.F.R. § 1004.23(c)(2), "Refusal by an operator to submit to a test is prohibited and proof of refusal may be admissible in any related judicial proceeding."  The federal admonition related to this charge states:

> If you refuse to submit to a test, or fail to complete a test, *you will be charged with an additional offense for refusing the test*, which carries a maximum penalty of 6 months in jail and/or a $5,000 fine. This charge is in addition to the DUI charge. (emphasis added.)

*United States v. Harrington*, 749 F.3d 825, 828 (9th Cir. 2014).  Thus, under federal law, refusing a blood alcohol test is itself a misdemeanor unrelated to the outcome of any DUI charge.  *Id.* However, it is undisputed that the officer in this case read the California admonition to Defendant, which states:

> You are required by state law to submit to a [breath test] or other chemical test to determine the alcohol and/or drug content of your blood.... If you refuse to submit, or fail to complete a test, your driving privilege will be suspended for one year or revoked for two or three years.... Refusal or failure to complete a test may be used against you in court. Refusal or failure to complete a test will also result in a fine and imprisonment if this arrest results in a conviction of driving under the influence. (emphasis added.)

*Id.* at 827.  Thus, under California law, "refusing a test is criminally sanctioned only if the suspect is later found guilty of DUI."  *Id.* at 828.  Here, as Defendant was arrested in the San Francisco Presidio National Park, the applicable law is that of the United States, not California.  *Id.* at 827

1  (citing 16 U.S.C. § 3).

2       In *Harrington*, the park ranger read the defendant the California admonition instead of the

3  federal admonition.  749 F.3d at 827.  Because the consequence of refusal under the federal

4  admonition "was far more severe" than the state admonition, the Ninth Circuit held that the

5  defendant could not be charged with the federal substantive refusal crime.  *Id.* at 829-30.  The

6  Court reversed the defendant's conviction under 36 C.F.R. § 1004.23(c)(2), finding that it violated

7  his due process rights.  *Id.* at 830.

8       Here, given that the park ranger read Defendant the California admonition, it appears that a

9  conviction under 36 C.F.R. § 1004.23(c)(2) would also be a violation of his right to due process.

10  Thus, unless the Government presents binding authority to the contrary, the Court intends to

11  dismiss Count Two of the Superseding Information.  **If the Government maintains that binding**

12  **authority would permit a conviction under 36 C.F.R. § 1004.23(c)(2) where the defendant**

13  **has not been read the federal admonition, it shall e-file any such authority by 9:00 a.m.**

14  **tomorrow, July 24, 2014.**

15       In its pretrial statement, the Government states that it "is only seeking a conviction on the

16  refusal charge if it also obtains a conviction on the driving under the influence charge.  In other

17  words, the government will abide by the notice provided in the California admonition and only ask

18  for a conviction on the refusal charge if the underlying 'arrest results in a conviction of driving

19  under the influence.'"  Gov't Pretrial Statement at 8, Dkt. No. 11.  However, given that federal law

20  applies in this case, and the Government's Superseding Information contains two charges under

21  federal law, it is unclear how the Government intends to seek an enhancement under California

22  law.  The parties should come prepared to address this at the pretrial conference.  **If the**

23  **Government intends to argue that it can seek an enhancement under California law, it shall**

24  **e-file any binding authority in support of its argument by 9:00 a.m. tomorrow, July 24, 2014.**

25       **IT IS SO ORDERED.**

26  Dated: July 23, 2014

27

28  _____
   MARIA-ELENA JAMES
   United States Magistrate Judge

United States District Court
Northern District of California